UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 9-18-07
```

\* \* \* \* \* \* \* \* \*
                                        \*
IN RE:                                  \*
                                        \*      MASTER FILE
FOSAMAX PRODUCTS LIABILITY LIGATION     \*
                                        \*      1:06-MD-1789 (JFK)
*This Document Relates to All Cases*    \*
                                        \*
\* \* \* \* \* \* \* \* \*

### CASE MANAGEMENT ORDER NO. 12
### (Plaintiffs' Common benefit Time and Expenses Submissions)

The Court has been advised that, at the conclusion of this MDL and/or resolution of the

Fosamax litigation, the members of the Plaintiffs Steering Committee will submit a claim to the

court for common benefit fees and expenses to be paid out of the common benefit fund derived from

MDL assessments imposed upon Fosamax recovery. *See* MANUAL FOR COMPLEX LITIG., 4TH, § 14.12.

In order to ensure that attorney time and expenses inuring to the common benefit are being

contemporaneously recorded and submitted, the PSC has requested a CMO detailing certain

guidelines pertaining to what qualifies as a common benefit expense and how to record common

benefit time. With no objection from Defendant, this Court accordingly ORDERS as follows.

Reimbursement for costs and/or fees for services of all plaintiffs' counsel performing

functions in accordance with this order will be set at a time and in a manner established by the Court

after due notice to all counsel and after a hearing. The following standards and procedures are to be

utilized by any counsel seeking common benefit fees and/or common benefit expense

reimbursement.

## A. General Standards

1.     All time and expenses submitted must be incurred only for work authorized by the Plaintiffs' Steering Committee.

2.     These Time and Expense Guidelines are intended for all activities performed and expenses incurred by counsel that relate to matters common to all Plaintiffs in MDL 1789.

3.     Common benefit time and expense submissions must be submitted on the attached forms approved by the Court. See:

- •     Attachment "A" - Monthly Time Detail Report

- •     Attachment "B" - Summary Report of Member Firm Time

- •     Attachment "C" - Common Held Costs And Expenses.

4.     Reports will be provided to Plaintiffs' Steering Committee's administrative subcommittee on a monthly basis. These reports will include both time and expenses and will summarize, with back-up detail, the submissions of all firms.

5.     Time and expense submissions (to include Attachments A, B & C) must be submitted timely, on a monthly basis, as indicated below so they can be reviewed, compiled, and audited for ultimate submission to the Court. It is therefore essential that each firm, on a monthly basis, timely submit its records for the preceding month.

6.     All submissions shall be transmitted electronically to airpino@louisianalegal.com or in hard copy to Plaintiffs' Administrative Sub-Committee c/o Anthony Irpino, 365 Canal Street, Suite 2290, New Orleans, LA 70130. If hard copy submissions are made, an original and one duplicate copy must be provided.

7.     The first submission is due on October 15, 2007 and should include all time and expenses through September 30, 2007. Thereafter, time records shall be submitted on the 15th of each month and shall cover the time period through the end of the preceding month.

### B. Time Reporting

1.     Only time spent on matters common to all claimants in MDL 1789 will be considered in determining fees. No time spent on developing or processing any case for an individual client (claimant) will be considered or should be submitted. Moreover, even if the time is spent on matters common to all claimants in MDL 1789, such time spent has to be assigned and authorized by the Plaintiffs' Steering Committee.

2.     All time must be accurately and contemporaneously maintained. Time shall be kept according to these guidelines and specifically by way of the forms provided - Attachments A & B. All counsel shall keep a daily record of their time spent in connection with this litigation, indicating with specificity the hours, location and particular activity. Such daily records shall be compiled into the form as shown in Attachment A, and submitted as described above. The failure to maintain and submit such records, or an insufficient description of the activity, may result in a disallowance of common benefit fees. All firms shall also complete and submit a summary of their firm's time spent in connection with this litigation (Attachment B). The failure to complete and/or submit such a report, may result in a disallowance of common benefit fees.

3.     All time for each firm shall be maintained in quarter-of-an-hour increments (e.g., 1 - 15 minutes = .25 hrs., 16 - 30 minutes = .50 hrs., 31 - 45 minutes = .75 hrs., and 46 - 60 minutes = 1.00 hr.). Failure to do so may result in time being disallowed.

-3-

4.      All time records shall be submitted together with a form summarizing the total of member firm time broken down by each separate name of time keeper and Litigation Task Definition the time spent during the preceding month and the accumulated total of all time incurred by the firm during the particular reporting period.   This information shall be recorded on the summary report, Attachment B hereto.

5.      The summary report form shall be certified by the responsible attorney each month attesting to the accuracy and correctness of the monthly submission.

### C. Expense Reporting

1.      Advanced costs will be deemed as either "Shared" or "Held."

      a.      Shared Costs are costs that will be paid out of a separate PSC MDL 1789 Fund established by the Plaintiffs' Steering Committee and to be funded by all members of PSC.

      b.      Held Costs are those that will be carried by each attorney in MDL 1789 and reimbursed at the conclusion of this MDL.

2.      Each member of the PSC and any others as set forth in section (1) above will contribute to the PSC MDL 1789 fund at times and in amounts sufficient to cover the administration of the MDL. The timing and amount of each litigation fund assessment will be determined by the PSC.

3.      Shared Costs are costs incurred for the common benefit of the MDL as a whole.   No client-related costs can be considered as Shared Costs.  All costs of a substantial nature that meet these requirements and fall under the following categories shall be considered Shared Costs and qualify to be submitted and paid directly from the MDL account. All Shared Costs must be approved by the Plaintiffs' Executive Committee prior to payment.  Shared Costs include:

      a.      Court, filing and service costs

-4-

      b.      Deposition and court reporter costs

      c.      Document Depository: creation, operation, staffing, equipment and administration

      d.      PSC administrative matters (expenses for equipment, technology, courier services, long distance, telecopier, electronic service, etc.)

      e.      PSC group administration matters such as meeting and conference calls

      f.      Accountant fees

      g.      Expert witness and consultant fees and expenses

      h.      Printing, copying, coding, scanning (out of house or extraordinary firm costs)

      i.      Research by outside third party vendors/consultants/attorneys

      j.      Common witness expenses including travel

      k.      Translation costs

      l.      Bank or financial institution charges

      m.      Investigative services

4.      Plaintiffs' Administrative Sub-Committee shall prepare and be responsible for distributing to the appropriate plaintiffs' counsel and the PSC reimbursement procedures and the forms associated therewith.

5.      Held Costs are costs incurred for the global benefit of the MDL. Held costs are those that do not fall into the above Shared Costs categories but are incurred for the benefit of all plaintiffs in general. No specific client-related costs can be considered as Held Costs. All costs of a substantial nature that meet these requirements and fall under the following categories shall be considered Held Costs and qualify to be submitted for consideration by the PSC and the Court for future reimbursement.

    a.      Telefax charges

    b.      Postage, shipping, courier, certified mail

    c.      In-house printing and photocopying

    d.      Computerized research - Lexis/Westlaw

    e.      Telephone - long distance

    f.      Travel (following the travel expense guidelines) for attorney for deposition, court or legislative including:

          i.      Airfarc

          ii.      Reasonable ground transportation

          iii.      Hotel

          iv.      Reasonable meals and cntertainment

          v.      Reasonable other (parking, e.g.,)

          vi.      Car rental, cabs, etc.

2.      Held Cost records shall be submitted to Plaintiffs' Administrative Sub-Committee on a monthly basis.

3.      Except in extraordinary circumstances approved by Plaintiffs' Administrative Committee or PEC, all travel reimbursemcnts are subject to the following limitations:

    a.      <u>Airfare</u> - Only coach airfare at time of booking (either at restricted coach rates or rates which allow the reservation to rebook without surcharge and other agency fees) for a reasonable itinerary will be reimbursed. Notwithstanding the foregoing, first class airfare shall be allowed for cross-country flights that are in excess of four hours non-stop flight time or international flights.

b.    <u>Hotel</u> - Hotel room charges will be reimbursed for up to the greater of a) $395/night excluding taxes, or b) the average available room rate of the Hyatt, Hilton and Marriott hotels in that city.

c.    <u>Meals</u> - Meal expenses must be reasonable and must account for the individuals who are consuming the meal.

d.    <u>Cash Expenses</u> - Miscellaneous cash expenses for which receipts generally are not available (tips, luggage handling, pay telephone, etc) will be reimbursed up to $20.00 per trip, as long as the expenses are properly itemized.

e.    <u>Rental Automobiles</u> - Luxury automobile rentals will not be fully reimbursed, unless only luxury automobiles were available. If luxury automobiles are selected when non-luxury vehicles are available, then the difference between the luxury and non-luxury vehicle rates must be shown on the travel reimbursement form, and only the non-luxury rate may be claimed.

f.    <u>Mileage</u> - Mileage claims must be documented by stating origination point, destination, total actual miles for each trip, and the rate per mile paid by the member's firm. The maximum allowable rate will be the maximum rate allowed by the IRS.

4.    The following limitations will apply to non-travel expenses:

a.    <u>Long Distance and Cellular Telephone</u> - Long distance and cellular telephone charges must be documented. Copies of the telephone bills must be submitted with notations as to which charges relate to MDL 1789.

b.    <u>Shipping, Courier, and Delivery Charges</u> - All claimed expenses must be documented with bills showing the sender, origin of the package, recipient, and destination of the

package.

c.     <u>Postage Charges</u> - A contemporaneous postage log or other supporting documentation must be maintained and submitted.  Postage charges are to be reported at actual cost.

d.     <u>Telefax Charges</u> - Contemporaneous records should be maintained and submitted showing faxes sent and received - documenting the date of the fax as well as the number of pages sent/received.  The per-fax charge shall not exceed $1.00 per page.

e.     <u>In-House Photocopy</u> -A contemporaneous photocopy log or other supporting documentation must be maintained and submitted - documenting the date of the photocopying as well as the number of pages copied.  The maximum copy charge is $0.25/page.

f.     <u>Computerized Research</u> - Lexis/Westlaw - Claims for Lexis, Westlaw, and other computerized legal research expenses should be in the exact amount charged to the firm for these research services.

SO ORDERED.

DATED: New York, New York

September 18, 2007.

John F Keenan

JOHN F. KEENAN
UNITED STATES DISTRICT JUDGE

# MONTHLY TIME DETAIL REPORT

Attachment "A"

FOR MONTH: _____ , 200__

FIRM NAME: _____

INDIVIDUAL NAME: _____

ATTORNEY      PARALEGAL      LAW CLERK      OTHER      (circle one)

## Time Chart

| Date | Description of Activity | Code | Time |
|------|------------------------|------|------|
| 2/17/07 | Receipt & Review e-mail from J. Simms re: master discovery to defendant | 8 | 0.25 |
| 2/17/07 | Teleconference with F. Mormon re: setting-up document depository | 1 | 0.25 |
| 2/18/07 | Travel to New York re: Status Conference | 6 | 2.50 |
| 2/18/07 | Attend Status Conference | 4 | 1.00 |
| 2/18/07 | Attend Post-Status Conference PSC meeting | 5 | 1.50 |
| 2/19/07 | Internet research re: corporate assets of defendant | 2 | 1.25 |
| 2/20/07 | Receipt & Review of defendant's appeal re: class certification | 9 | 1.75 |
| 2/21/07 | Legal research re: summary judgment standards | 3 | 2.25 |
| 2/21/07 | Drafting opposition to defendant's motion for summary judgment | 3 | 4.50 |

Total time of (insert individual's name) for (insert month & year): _____

**[Time detail above is illustrative]**

## MDL 1789 - IN RE: FOSAMAX PRODUCTS LIABILITY LITIGATION
## SUMMARY REPORT OF MEMBER FIRM TIME

Attachment "B"

**Reporting Period:**
**From:** _____ **To:** _____          **Firm Name:** _____

Categories:    1. Administrative, 2. Investigation/Research, 3. Pleadings/Pre-Trial Motions, 4. Court Appearances (including preparation),
5. Litigation Strategy/Analysis, 6. Travel, 7. Trial Preparation/Trial, 8. Discovery, 9. Appeals, 10. Settlement

| Name of Individual | Circle One: Attorney (A) Paralegal (P) Law Clerk (L) Other (O) | 1 | 2 | 3 | 4 | 5 | 6 | 7 | 8 | 9 | 10 | Total Hours By Individual |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | A  P  L  O | | | | | | | | | | | |
| | A  P  L  O | | | | | | | | | | | |
| | A  P  L  O | | | | | | | | | | | |
| | A  P  L  O | | | | | | | | | | | |
| | A  P  L  O | | | | | | | | | | | |
| | A  P  L  O | | | | | | | | | | | |
| | A  P  L  O | | | | | | | | | | | |
| | A  P  L  O | | | | | | | | | | | |
| | A  P  L  O | | | | | | | | | | | |
| | A  P  L  O | | | | | | | | | | | |
| **Total Firm Time** | | | | | | | | | | | | _____ hrs. |

I certify that the time documented above is accurate and correct and was incurred for the common benefit of claimants in MDL 1789.

Signature: _____    Date: _____    *Confidential Attorney Work Product*

**Reporting Period:**
**From:** _____
**To:** _____                    **Firm Name:** _____

| MDL 1789 - IN RE: FOSAMAX PRODUCTS LIABILITY LITIGATION COMMON HELD COSTS AND EXPENSES FROM: _____ _____ THROUGH: _____ | |
|---|---|
| **CLIENT COSTS/EXPENSES** | **TOTAL** |
| Telefax charges | |
| Postage, shipping, courier, certified mail | |
| Printing and photocopying (in-house) | |
| Computerized research - Lexis/Westlaw | |
| Telephone - long distance (actual charges only) | |
| Travel | |
| Other (please itemize, on attached sheet if necessary) | |
| **TOTAL COSTS** | |

*Please attach documentation for each expense reported.

I certify that these expenses are properly documented, complete and accurate and have been incurred for the common benefit.

_____          _____
Signature                                  Date